**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

BRADFORD K. MOORES,

     Plaintiff,

-vs-                              Case No.  8:05-CV-1100-T-30TGW

JAY ERIK and
GREGORY WILLIAMS,

     Defendants.

_____/

## ORDER

     Plaintiff, an inmate in the Land O' Lakes Detention Center, Pasco County, Florida, proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1) and a request for leave to proceed *in forma pauperis* (Dkt. 2).  Plaintiff names New Port Richey Police Officers Jay Erik and Gregory Williams as defendants.  The Court finds, for reasons set forth *infra*, that the complaint should be dismissed prior to service of process pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### Standard of Review

     The Prison Litigation Reform Act of 1995, Title VIII, Section 803(d), Suits by Prisoners (hereinafter "PLRA"), which significantly altered the processing of *in forma pauperis* and prisoner litigation, applies in the present case because Plaintiff filed his complaint after the PLRA's effective date of April 26, 1996. *See Booth v. C.O. Churner*,

532 U.S. 731, 736 (2001)*;   Harper v. Jenkin,* 179 F.3d 1311, 1312 (11th Cir. 1999); *Alexander v. Hawk*, 159 F.3d 1321, 1324 (11th Cir. 1998).  Because Plaintiff filed this action against governmental employees while he was a prisoner, the Court is required to screen his action under 28 U.S.C. § 1915A(b).

Section 1915A, an entirely new provision created by the PLRA, provides that: "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint – is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a) and (b)(1)-(2).  Section 1915A requires that prisoner complaints be screened in the same manner as under § 1915(e)(2)(B) where a governmental official has been sued regardless of whether the $250.00 filing fee has been paid. *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (finding that § 1915A "applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP."), *cert. denied*, 527 U.S. 1041 (1999). The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6).  *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").  A complaint should not be dismissed for failing to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim that would entitle him to relief.  *See Harris v. Proctor & Gamble Cellulose Co.*, 73 F.3d 321, 324 (11th Cir. 1996) (quoting *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977)).  The plaintiff is not required to set forth all the facts upon which the claim is based, but only provide a short and plain statement sufficient to provide the defendants with fair notice of the nature of the claim.  *Id.*

The Court construes the complaint in the light most favorable to the plaintiff and its allegations are taken as true.  *See Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998), *cert. denied*, 525 U.S. 1139 (1999).  While courts must liberally construe and accept as true allegations of fact in the complaint and inferences reasonably deductive therefrom, they need not accept factual claims that are internally inconsistent; facts which run counter to facts of which the court can take judicial notice; conclusory allegations; unwarranted deductions; or mere legal conclusions asserted by a party. *Ellen S. v. The Fla. Bd. of Bar Exam'rs*, 859 F.Supp. 1489, 1492 (S.D. Fla. 1994).  *See also  Marsh V. Butler County, Alabama*, 268 F.3d 1014, 1036 (11th Cir. 2001) (finding that "[i]n the light of the usual pleading requirements of Fed. R. Civ. P. 8(a), unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." (citation omitted)); *Mass. School of Law v. American Bar,* 142 F.3d 26, 40 (1st Cir.1998) (holding that a court need not "swallow plaintiff's invective hook, line and sinker; bald assertions unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited").  Courts may consider allegations contained in the complaint and any exhibits attached thereto. Fed. R. Civ. P. 10.

It is only when the facts alleged, if proven, will not justify recovery that an order of dismissal under § 1915A(b) is warranted.  In the case of a *pro se* action, the Court should construe the complaint more liberally than it would formal pleadings drafted by lawyers.  *See Tannenbaum v. United States,* 148 F.3d 1262 (11th Cir. 1998).

### Background

Plaintiff is currently a pretrial detainee awaiting the disposition of a charge of battery on a law enforcement officer.  Plaintiff states that he is asserting a claim of "false arrest and failure to provide timely medical assistance."  According to Plaintiff, on March 5, 2005, Defendants discovered him unconscious in a parking lot in New Port Richey, Florida.  Plaintiff states the following in support of his claim:

> After the officers roused (verbally only) I sat up and after "collecting my wits" and realizing what had happened to me, I asked the police officers to summon a paramedic unit for me.  The officers made no offer or effort to do so.  After I managed to gain my feet, the officers both approached me in a hostile manner, causing me to walk backwards until I bumped against a parked white sedan.  At this point the arresting officer placed me under arrest, stating that I had physically resisted arrest.  In fact, I was wearing a black leather jacket and had kept my hands in the pocket of my jacket during this entire episode.  In the Discovery I received after my arraignment, the arresting officer states that he had summoned a cab for me and was holding open the door for me and that I walked up to him, said: get the fuck out of my way pig and then shoved him out of the way.  I hereby state that no cab was ever summoned and that no such event ever took place (the arresting officer fails to name the name of the cab company in the discovery).  Furthermore, the patrolman failed to summon a paramedic after I had stated that I am diabetic and had requested that a paramedic be summoned.  (Within 12 hours after being incarcerated, I was placed in the jails medical unit for 15 days for blood/sugar level observation.)  In closing, I deny the charge placed against me (Battery on a law enforcement officer).  I want this charge dropped and any applicable charges of incorrect procedure filed against the arresting officers.

In his request for relief, Plaintiff states:  "I want an investigation of the facts stated in the Discovery conducted. Upon finding that the arrest was made under false pretenses,

-4-

I want all charges rescinded, as well as probation and all other results of prosecution rescinded."

Plaintiff is effectively asking this Court to interfere in his ongoing state criminal proceedings. If Plaintiff prevailed on his claim in this Court, this Court would, in essence, be determining that Plaintiff was not guilty of the charges for which he has yet to be tried.

Federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37 (1971); *see also, Hicks v. Miranda*, 422 U.S. 332, 349 (1975). The *Younger* court stated:

> [I]t has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions.
>
> . . .
>
> [W]hen absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.
>
> . . .
>
> [I]n view of the fundamental policy against federal interference with state criminal prosecutions, even irreparable injury is insufficient unless it is both great and immediate. Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Younger*, 401 U.S. at 45-46 (citations and quotations omitted). Plaintiff has not demonstrated that he is without adequate protection in state court.

Moreover, a plaintiff "must allege and prove that the criminal proceeding that gives rise to the action has **terminated** in favor of the accused" before he seeks relief pursuant to § 1983. *Uboh v. Reno*, 141 F.3d 1000, 1004 (11th Cir. 1998) (emphasis added) (citations omitted). Because Plaintiff is still awaiting trial, no § 1983 claim has yet accrued with respect to the allegations contained in his complaint.

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983. Plaintiff has failed to meet this burden.

Therefore, the complaint will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which relief can be granted at this time.

**ACCORDINGLY**, the Court **ORDERS** that:

1.      The request to proceed *in forma pauperis* is  **DENIED** (Dkt. 2).

2.      The complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

3.      The **Clerk** shall enter judgment accordingly, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 18, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Pro Se Plaintiff

SA:jsh